UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-81234-CIV-CANNON/REINHART

ELVIS CHAVERS, SR.,

                Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner
of Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE (ECF NO. 12)

This matter relates to a prior case filed by the *Pro Se* Plaintiff, Elvis Chavers, on August 9, 2019.  Case No. 19-cv-81136-RAR.  In that case, Mr. Chavers sought judicial review of Defendant's denial of his application for disability benefits.  ECF No. 1.  The lengthy procedural history of Mr. Chavers' dealings with the Social Security Administration (SSA) are set forth in my report and recommendation issued in that case (ECF No. 22) and will not be repeated here.  Suffice it to say, Mr. Chavers first sought disability benefits more than ten years for impairments he suffered to his knee and spine.  The SSA denied his first application for benefits in 2012, and Mr. Chavers filed another benefits application.  The Administrative Law Judge (ALJ) also denied that application, but in 2015, the Appeals Council (AC) remanded the matter for further findings.  After review by a different ALJ, Mr. Chavers' application was

again denied on December 19, 2018, and this time, the AC denied his request for review on June 11, 2019.

On August 9, 2019, Mr. Chavers timely filed a Complaint seeking judicial review by this Court ("the 2019 Case"). I issued a scheduling order directing Mr. Chavers to file his motion for summary judgment by June 27, 2020. ECF No. 18. When Mr. Chavers failed to file his motion by the deadline, I ordered him to show cause by July 10, 2020, why I should not recommend that the District Court dismiss his Social Security appeal for failure to prosecute. ECF No. 20 (citing *Anderson v. Colvin*, No. 13-80972-CIV-BRANNON, 2014 WL 11516086, at *2 (S.D. Fla. Aug. 26, 2014) (dismissed Social Security appeal where *pro se* plaintiff failed to comply with the court's scheduling order) and *Enix v. Comm'r of Social Sec.*, 461 Fed. Appx. 861, 864 (11th Cir. 2012) (affirming dismissal of a Social Security appeal due to the plaintiff's failure to file a brief challenging the ALJ's decision despite two orders to do so)).

On July 7, 2020, Mr. Chavers filed a response to my Order to Show Cause and a Motion to Extend Time, claiming that he was still awaiting Defendant's production of additional records from his medical providers. ECF No. 21. Mr. Chavers did not specify what records he needed or why he had not obtained them from his own doctors.

Noting that the Court's review was limited to the administrative record, which had already been certified by the SSA, I found that Mr. Chavers was precluded from expanding the record and that he had not established good cause for failing to comply

with the deadline.  I recommended that the case be dismissed without prejudice if Mr. Chavers did not file his summary judgment motion forthwith.  ECF No. 22.  Mr. Chavers objected to my report and recommendation, but still did not file his summary judgment motion.  Judge Ruiz adopted my recommendation and dismissed the case without prejudice on July 29, 2020.  ECF No. 25.

Two years later, on August 9, 2022, Mr. Chavers filed the instant Complaint, which again appears to seek review of the SSA decision that became final on June 11, 2019.  The SSA has moved to dismiss the Complaint as untimely.[1]  In his response and sur-reply, Mr. Chavers appears to argue that the Court should consider the Complaint in this case to be timely because the Complaint he filed in the prior action was timely when it was filed.  ECF Nos. 14, 16, 21.

## DISCUSSION

As an initial matter, I find that it is not necessary to convert Defendant's motion into one for summary judgment because there is no reason for me to consider the declaration attached to the motion.  The declaration merely provides a timeline of Mr. Chavers' disability applications and prior lawsuit, but I can take judicial notice of that information because it is available on the Court's docket in the 2019 case.  *See Cherry v. Ventures Tr. 2013-I-NH by MCM Cap. Partners LLC*, No. 15-24133-CIV, 2016 WL 6538447, at *2 (S.D. Fla. Feb. 26, 2016) ("In reviewing a motion to dismiss, courts may consider the allegations in the complaint, 'documents incorporated into

---

[1] The SSA's motion seeks relief under Rule 12(b)(6), but given that it attaches a declaration from an SSA administrator, it alternatively asks the Court to construe the motion as one for summary judgment.

the complaint by reference, and matters of which a court may take judicial notice' . . . A court may take judicial notice of orders . . . or other matters of public record without converting a motion to dismiss into a motion for summary judgment.") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)).

Having considered Defendant's motion to dismiss and Mr. Chavers' arguments opposing the motion, I find that the instant lawsuit should be dismissed as untimely. The relevant statute states that a person appealing a final decision by the SSA must commence a civil action in federal court "within sixty days" after the decision is mailed to him. 42 U.S.C. § 405(g). It is undisputed that the Complaint Mr. Chavers filed in the initial lawsuit (the 2019 Case) was timely. However, that action was dismissed without prejudice and there is nothing in Judge Ruiz's dismissal to suggest that the statute of limitations would be tolled or that any subsequent lawsuit Mr. Chavers might file would relate back to the previously dismissed action. Simply put, Mr. Chavers' Complaint in this action, which was filed two years after the dismissal of the original action and three years after the SSA decision became final, is untimely and must be dismissed. *See Erickson v. Comm'r of Soc. Sec*., 431 F. App'x 809, 811 (11th Cir. 2011) (affirming dismissal of lawsuit seeking review of SSA's decision; complaint was not filed within the 60-day window and therefore it was barred by the statute of limitations).

Finally, I find that Defendant's request for dismissal with prejudice should be granted. Given that Mr. Chavers cannot cure the timeliness defect, any amendment to his Complaint would be futile. *See Siegel v. United States Equal Emp. Opportunity*

*Comm'n*, No. 13-20129-CIV, 2013 WL 12383488, at *3 (S.D. Fla. Aug. 6, 2013) (recommending that claims barred by statute of limitations should be dismissed with prejudice), report and recommendation adopted, No. 13-20129-CV, 2013 WL 12383489 (S.D. Fla. Aug. 26, 2013).

**RECOMMENDATION**

Based on the foregoing, I RECOMMEND that Defendant's Motion to Dismiss with Prejudice (ECF No. 12) be GRANTED.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 27th day of February July, 2023, at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE