**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO**. **22-81234-CIV-CANNON/Reinhart**

**ELVIS CHAVERS, SR.**,

    Plaintiff,
v.

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [ECF No. 23]**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 12].  The Motion was referred to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 2].  On February 23, 2023, Judge Reinhart issued a report recommending dismissal of Plaintiff's Complaint with prejudice [ECF No. 23].  Plaintiff filed Objections to the Report [ECF No. 27].  The Court has reviewed the Report [ECF No. 23], Plaintiff's Objections [ECF No. 27], and the full record.  For the reasons set forth below, the Report [ECF No. 23] is **ACCEPTED**.

**RELEVANT BACKGROUND**

Plaintiff Elvis Chavers, Sr.'s first interactions with Defendant, the Commissioner of the Social Security Administration (SSA), began more than a decade ago [ECF No. 23 p. 1].  Plaintiff applied for disability benefits on the basis of impairments to his knee and spine [ECF No. 23 p. 1].  An administrative law judge (ALJ) denied Plaintiff's first application for benefits in 2012 [ECF No. 23 p. 1].  Plaintiff applied for benefits again but was denied by an ALJ in April 2014

[ECF No. 23 p. 2]. In 2015, however, the Appeals Council remanded the case for further findings [ECF No. 23 p. 1]. A new ALJ reviewed Plaintiff's case; however, the application was ultimately denied on December 19, 2018 [ECF No. 23 pp. 1–2]. On June 11, 2019, the Appeals Council denied Plaintiff's request for review [ECF No. 23 p. 2].

Following denial by the Appeals Council, Plaintiff timely filed a Complaint for judicial review of the ALJ's decision on August 9, 2019, docketed in Case No. 19-cv-81136 [ECF No. 23 p. 2]. Magistrate Judge Reinhart issued a scheduling order in that case ("2019 case"), setting a deadline of June 27, 2020, by which Plaintiff was to file his motion for summary judgment [ECF No. 23 p. 2]. Plaintiff did not do so [ECF No. 23 p. 2]. That prompted Judge Reinhart to issue an Order to Show Cause directing Plaintiff to show cause by July 10, 2020, why the case should not be dismissed for failure to prosecute [ECF No. 23 p. 2]. Plaintiff responded on July 7, 2020, "claiming that he was still awaiting Defendant's production of additional records from his medical providers," without specifying what records he was still awaiting or providing an explanation for failing to obtain the records on his own [ECF No. 23 p. 2].

After receiving Plaintiff's response, Judge Reinhart issued a report noting and/or recommending the following: (1) Plaintiff was precluded from expanding the previously certified administrative record; (2) Plaintiff had not established good cause for his failure to comply with the summary judgment filing deadline; and (3) Plaintiff's complaint should be dismissed without prejudice "in the event [Plaintiff] does not file his summary judgment motion forthwith" [ECF No. 23 pp. 2–3, 5; *see* Case No. 19-CV-81136 (ECF No. 22 pp. 5–6)].[1] Plaintiff filed objections to the report but still failed to file a motion for summary judgment [ECF No. 23 p. 3].

---

[1] Judge Reinhart also noted in the Report that Plaintiff "does not specify what records he seeks or why he has not obtained them from his own doctors" [*see* Case No. 19-CV-81136 (ECF No. 22 p. 4)].

Ultimately, U.S. District Judge Rodolfo A. Ruiz adopted Judge Reinhart's recommendation and dismissed Plaintiff's complaint without prejudice on July 29, 2020 [ECF No. 23 p. 3].

Plaintiff filed the instant action on August 9, 2022, seeking court review of the June 11, 2019, administrative decision pursuant to 42 U.S.C. § 405(g) [ECF No. 1; ECF No. 23 p. 3]. Defendant moved to dismiss in November 2022, requesting that the Court dismiss Plaintiff's complaint as untimely [ECF No. 12]. Plaintiff filed an opposition to Defendant's motion [ECF No. 16], to which Defendant filed a reply [ECF No. 19].

On February 27, 2023, Judge Reinhart entered the instant Report, determining that Plaintiff's Complaint was untimely under the applicable statute of limitations and recommending dismissal of the Complaint with prejudice [ECF No. 23]. Plaintiff filed untimely Objections on March 24, 2023 [ECF No. 27], *see* Fed. R. Civ. P. 72(b)(2), which the Court elects to consider in this instance. The Report is ripe for adjudication.

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence

3

of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

The time period for filing a request for judicial review of a final decision by the Commissioner of Social Security is set by statute: "An individual . . . may obtain review of [a final decision of the Commissioner] by a civil action commenced within *sixty days* after mailing to him of notice of such decision." 42 U.S.C. § 405(g) (emphasis added). Pertinent regulations provide that "the date of receipt of notice of denial of request for review . . . or notice of the decision by the Appeals Council shall be presumed to be *5 days* after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c) (emphasis added).

## DISCUSSION

The Report recommends that the Court grant Defendant's Motion to Dismiss and dismiss this matter with prejudice, because Plaintiff's Complaint was filed "three years after the SSA decision became final" [ECF No. 23 p. 4].[2] As the Report explains, although Plaintiff's complaint in the 2019 case was timely, Judge Ruiz previously dismissed that action for failure to prosecute, and nothing in Judge Ruiz's order of dismissal tolled the statute of limitations for Plaintiff to seek judicial review of the June 11, 2019, administrative decision by the Appeals Council [ECF No. 23 p. 4]. As such, Plaintiff remained subject to the 60-day time period for filing a complaint set forth in 42 U.S.C. § 405(g) [ECF No. 23 p. 4]. The Report determines that the Complaint filed on August 9, 2022, which seeks review of a June 11, 2019, decision by the Appeals Council, is due

---

[2] The Report notes that although Defendant's motion is styled as a "Motion to Dismiss or in the Alternative Motion for Summary Judgment" [ECF No. 12], there is no reason to convert the motion to a Rule 56 motion for summary judgment because the information Defendant seeks to introduce—a declaration from an SSA administrator [ECF No. 12-1]—is available on the Court's docket in the 2019 case and is subject to judicial notice [ECF No. 23 p. 3].

to be dismissed with prejudice because Plaintiff "cannot cure the timeliness defect" [ECF No. 23 p. 4].

In Plaintiff's Objections, Plaintiff states for the first time that he was unable to timely file his Complaint after dismissal of the 2019 case because the SSA "has continually barricaded him" in seeking to obtain his "full file" [ECF No. 27 p. 4]. Plaintiff states that he obtained an attorney in August 2019 following the dismissal of the 2019 case [ECF No. 27 pp. 1–2]. Plaintiff then details his attorney's unsuccessful two-year effort to obtain Plaintiff's records from SSA, concluding in July 2022 when his attorney informed him that he had to withdraw from Plaintiff's case due to "personal issues" [ECF No. 27 pp. 2–3]. Plaintiff then "immediately filed his renewed complaint" [ECF No. 27 p. 3].

Plaintiff's Objections do not cure the sole deficiency in his Complaint at issue here—its untimeliness under 42 U.S.C. § 405(g). Plaintiff's attempts to retain an attorney to file a renewed complaint do not change the fact that he now seeks judicial review of a decision that, as the parties do not dispute, became final on June 11, 2019, more than three years **before** the instant Complaint was filed on August 9, 2022. Plaintiff does not argue, nor could he, that Judge Ruiz's Order in the 2019 case somehow tolled the 60-day statute of limitations for seeking review of the Appeals Council's decision. Instead, in objecting to the Report's conclusion, Plaintiff relies on his unsupported allegations that the "SSA has continually barricaded him and his representation from being able to support his position" [ECF No. 27 p. 4].[3] This argument does not change the Report's

---

[3] Plaintiff says, in passing, that the Report should be rejected because "there are significant facts missing" due to his inability to procure his record from SSA [ECF No. 27 p. 4]. This argument concerns Plaintiff's underlying request for judicial review of Defendant's decision and does not address the Report's conclusion about Plaintiff's timeliness in filing his Complaint.

well-founded conclusion that Plaintiff's Complaint clearly exceeds the statute of limitations set out in 42 U.S.C. § 405(g).

As Plaintiff's Complaint is untimely under the statute of limitations, dismissal is warranted. The Court also agrees with the Report that any such dismissal should be with prejudice, because any amendment would not cure the untimeliness of Plaintiff's Complaint. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Johnson v. Ga. Dep't of Veterans Serv.*, 791 F. App'x 113, 116 (11th Cir. 2019) (affirming district court's decision to deny leave to amend when a complaint was filed outside of the statute of limitations).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 23] is **ACCEPTED**.
2. Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [ECF No. 12] is **GRANTED**.
3. Plaintiff's Complaint for Review of a Social Security Disability or Supplemental Security Income Decision [ECF No. 1] is **DISMISSED WITH PREJUDICE**.
4. The Clerk of Court is directed to **CLOSE** this case. Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

CASE NO. 22-81234-CIV-CANNON/Reinhart

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 24th day of April 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record